E. B. REEDER, ETC., *v.* MARIA BELL.

**Trespass to Try Title—Tenant Estopped to Claim Adversely to Landlord.**
The proof in this case shows that the appellee entered upon the land in controversy, with her husband, under a lease from appellant; she is therefore estopped to claim possession adversely to them.

APPEAL FROM KENTON CIRCUIT COURT. .

September 27, 1871.

OPINION BY JUDGE PRYOR:

The appellants in this case show a connected chain of title from the commonwealth down, embracing the land in controversy. This title is perfect and complete. The location of the boundary line known as A..B., on the plat exhibited to the jury in this case between the Fields' patent, under which the appellants claim, and the third survey in the division of lands belonging and covered by Harris's patent, seems to have been the principal question in this case. The testimony of four different surveyors aided by that of several persons living in the vicinity of the land in controversy, show that the line A. B. on the plat is the true boundary between the two patents. These witnesses also state that the land in controversy is within the Fields' patent boundary, and covered by the deeds to appellants. Appellants show their possession for many years by themselves and tenant, and at the time, Bell, the husband of the appellee, Maria Bell, entered upon this land and commenced cutting timber, he was notified by appellants' tenant, then in possession, to cease the cutting, and was informed by Bell that he leased the land from appellants, and this statement the tenant found to be true upon inquiry made of them. Appellants also proved by seven or eight witnesses that during the time Bell was in possession

he claimed to hold under them, and in fact the proof is conclusive upon this branch of the case. The widow also shows to have held in the same way after her death. The appellees, upon the trial, claimed to hold under Bryan and Slatter, and attempt to prove by Yates that Bell entered upon the land under a lease from Williamson, the agent of Bryan and Slatter. They also exhibit a patent to one Jacob Rubsamor, junior in date to the Fields' patent, but failed to connect themselves by title or possession with either patent. In addition to all this it appears that the agent of Bryan and Slatter placed a man of the name of Petty within the alleged interference of these two patents and that appellants brought suit for the possession against Petty and recovered. We perceive no testimony upon which the jury were authorized to find a verdict for the defendant. The cause is reversed with directions to the court below to set aside the verdict and judgment in the case and grant to appellant a new trial and for further proceedings not inconsistent with this opinion.

*Stevenson & Myers, for appellant.*
*Carlisle & O'Harra, for appellee.*